UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CMFG Life Insurance Company,<br><br>Plaintiff,<br><br>v.<br><br>Tavarus Dunbar; and Kevin Dunbar, Jr., individually and as representative of the Estate of Kevin Dunbar, Sr.,<br><br>Defendants. | Case No. 2:24-cv-01969-APG-DJA<br><br>**Order** |

Before the Court is Plaintiff CMFG Life Insurance Company's motion to deem service effectuated or for an extension of time to serve Defendant Kevin Dunbar, Jr.[1] and for service by alternative means (ECF No. 18), a sealed version of that motion (ECF No. 24), and an unopposed motion for extension of time for the parties to file a discovery plan and scheduling order (ECF No. 25). Because the Court finds that an extension of time for service and service by alternative means is warranted, but that deeming service effectuated is not, the Court grants Plaintiff's motion and sealed motion in part and denies them in part. (ECF Nos. 18, 24). Because the Court finds that Defendant has shown good cause, it grants the motion to extend time for the parties to file a discovery plan and scheduling order. (ECF No. 25).

**I.   Service by alternative means.**

The Constitution does not require any particular means of service of process. *Rio Props., Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1017 (9th Cir. 2002) (*citing Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)). It requires only that service "be reasonably calculated to provide notice and an opportunity to respond." *Id.* Service of process is

---

[1] Because both Defendants in this action share the last name "Dunbar," the Court refers to Kevin Dunbar, Jr. using his first name.

governed by Rule 4 of the Federal Rules of Civil Procedure. A federal court lacks jurisdiction over a defendant unless the defendant has been properly served under Rule 4. *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988) (citation omitted). Rule 4, however, "is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint." *Id.* "[W]ithout substantial compliance with Rule 4," "neither actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction." *Id.*

When a case is proceeding in federal court, an individual is served by: (1) following state law for serving the summons in the state where the district court is located or where service is made; (2) delivering the summons and complaint to the individual personally; (3) leaving a copy of summons and complaint at the defendant's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (4) delivering a copy to an agent authorized by appointment or law to receive service. Fed. R. Civ. P. 4(e). Service of an individual under Nevada's rules is similar. *See* Nev. R. Civ. P. 4.2(a). And, in Nevada, if a party demonstrates that those service methods are "impracticable, the court may, upon motion and without notice to the person being serviced, direct that service be accomplished through any alternative service method." Nev. R. Civ. P. 4.4(b)(1).

A motion seeking an order for alternative service must provide affidavits, declarations, or other evidence setting forth specific facts demonstrating the due diligence that was undertaken to locate and serve the defendant and the defendant's known, or last-known, contact information, including the defendant's address, phone numbers, email addresses, social media accounts, or any other information used to communicate with the defendant. Nev. R. Civ. P. 4.4(b)(2). If the Court orders alternative service, the plaintiff must also make reasonable efforts to provide additional notice under Nevada Rule of Civil Procedure 4.4(d)[2] and mail a copy of the summons

---

[2] Nevada Rule of Civil Procedure 4.4(d)(1) provides that, in addition to any other service method, the court may order a plaintiff to make reasonable efforts to provide additional notice of the commencement of the action to the defendant using other methods of notice, including certified mail, telephone, voice message, email, social media, or any other method of communication.

and complaint, as well as any order of the court authorizing the alternative service method, to the defendant's last-known address. Nev. R. Civ. P. 4.4(b)(3). The plaintiff must also provide proof of service under Nevada Rule of Civil Procedure 4(d). Nev. R. Civ. P. 4.4(b)(4).

The Nevada Rules of Civil Procedure also provide for service by publication. Nev. R. Civ. P. 4.4(c). The Court may order service by publication if the defendant cannot, after due diligence, be found. Nev. R. Civ. P. 4.4(c)(1)(a). The Nevada Rules also provide various requirements that a motion seeking service by publication must meet, including establishing that the defendant is a necessary or proper party, providing the proposed language of the summons, and suggesting one or more newspapers that are reasonably calculated to give the defendant notice of the proceedings. *See* Nev. R. Civ. P. 4.4(c)(2).

Federal Rule of Civil Procedure 4(m) provides that if a defendant is not served within ninety days after the complaint is filed, the court must dismiss the action. However, if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. Fed. R. Civ. P. 4(m).

Here, the Court declines to deem service effectuated. But it finds that Plaintiff has demonstrated that alternative service and service by publication under the Nevada Rules of Civil Procedure is warranted. Plaintiff has demonstrated that personal service has been impracticable by filing declarations, affidavits, and other evidence detailing the efforts to which its counsel has gone to locate and contact Kevin. (ECF No. 18-1 – ECF No. 18-5). Plaintiff has also provided Kevin's last known addresses, phone number, email addresses, and social media account (although notes that the account does not allow Plaintiff to contact Kevin). Plaintiff has further met the requirements for a motion seeking service by publication. The Court thus grants in part and denies in part Plaintiff's motion. The Court grants Plaintiff's request for an extension of time to serve Kevin and for service by alternative means. The Court denies Plaintiff's request to deem service effectuated. The Court further requires additional service efforts.

II.     **Extension of time to file the discovery plan and scheduling order.**

Plaintiff requests additional time to file the parties' joint discovery plan and scheduling order, explaining that it is still trying to serve Kevin and that Plaintiff and counsel for Tavarus

Dunbar believe it would be most efficient to file a joint discovery plan once all defendants have been served and appeared. (ECF No. 25). The Court finds that Plaintiff has shown good cause to extend the time by which the parties must file their discovery plan. *See* Fed. R. Civ. P. 6(b); *see* LR IA 6-1. So, the Court grants the request.

**IT IS THEREFORE ORDERED** that Plaintiff's motions to deem service effectuated or extend the time for service and allow service by alternative means (ECF No. 18) (public motion) (ECF No. 24) (sealed motion) are **granted in part and denied in part.** They are granted in part regarding Plaintiff's request to extend the time for service and for service by alternative means. They are denied in part regarding Plaintiff's request that the Court deem service effectuated.

**IT IS FURTHER ORDERED** that the deadline for service is extended to **February 28, 2025.** Fed. R. Civ. P. 4(m).

**IT IS FURTHER ORDERED** that Plaintiff must attempt service on Kevin Dunbar by the following methods:

- Sending the complaint and summons via FedEx to Kevin Dunbar's two last known addresses in Florida.
- Sending the complaint and summons via FedEx to Albany State University, attention Student Kevin Dunbar, Jr., for the university to deliver to his dormitory on campus.
- Publication in the Sun Sentinel and the Albany Herald for four weeks.
- Emailing the complaint and summons to Kevin Dunbar's email addresses: kdunbar@students.asurams.edu and kevin.dunbar@gmail.com.
- Texting and calling Kevin Dunbar at his last known telephone number and leaving a text message and voicemail explaining the details of the service by alternative means authorized in this order.

///

///

///

**IT IS FURTHER ORDERED** that the unopposed motion for extension of time to file the stipulated discovery plan and scheduling order (ECF No. 25) is **granted.** The parties shall have until **May 2, 2025,** to file their stipulated discovery plan and scheduling order.

DATED: February 5, 2025.

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE